IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ and ALMA ROSALES,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES POSTAL SERVICE,<br><br>Defendant. | Case No. 1:24-cv-00434-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiffs Raul Mendez and Alma Rosales's Motion to Remand to Small Claims Court (Dkt. 4) and Motion for Recusal (Dkt. 5), as well as Defendant United States Postal Service's Motion to Dismiss (Dkt. 7).[1] Because 28 U.S.C. § 1442 grants federal agencies an absolute right of removal, Plaintiffs' Motion to Remand is DENIED. Because the Court has no personal bias against the Plaintiffs (nor could its impartiality be reasonably questioned), Plaintiffs' Motion for Recusal is DENIED. And because, under the doctrine of derivative jurisdiction, this Court lacks the subject matter jurisdiction to hear Plaintiffs' case, the Postal Service's Motion to Dismiss is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

---

[1] Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

Raul Mendez and Alma Rosales claim that a United States Postal Service mail carrier damaged their mailboxes and have not paid for the damages. Dkt. 1-2, at 3. They filed suit in the Small Claims Department of the District Court for the Fourth Judicial District of the State of Idaho. Dkt. 1-2. The Postal Service timely removed the action to this Court under 28 U.S.C. § 1442. Dkt. 1.

Shortly thereafter, the Plaintiffs filed two motions.[2] First, they moved to remand the case to Idaho state court, Dkt. 4, arguing that federal courts cannot hear removed small claims actions. Second, they moved to disqualify the undersigned judge, on the grounds that his rulings in prior cases brought by them either show actual bias or reasonably call his impartiality into question. Dkt. 5.

The Postal Service filed its own motion, asking the Court to dismiss this case. Dkt. 7. It argues that the Plaintiffs failed to follow the procedures outlined in the Federal Tort Claims Act for bringing a tort claim against at United States agency when they brought their original suit, and that under the doctrine of derivative jurisdiction, this Court must therefore dismiss the case.

---

[2] The Court notes that while it appears Rosales signed some of the original state court documents (*see, e.g.,* Dkt. 1-2, at 3; Dkt. 1-3, at 3) Mendez signed each of the documents in this case on behalf of himself *and* Rosales (his mother). *See* Dkt. 4, at 3; Dkt. 9, at 8; Dkt. 10, at 6. As the Court previously held, however, Mendez *cannot* represent Rosales's interests. *Rosales v. Idaho Dep't of Health & Welfare*, 2020 WL 13601364, at *3 (D. Idaho July 1, 2020). Mendez is not an attorney. He can represent himself and no one else. The Ninth Circuit has also held Mendez cannot represent his mother, even if she does not read/write/understand English and/or is incapacitated or incompetent. *Rosales v. Idaho Dep't of Health & Welfare*, 2022 WL 17749262, at *1 (9th Cir. Dec. 19, 2022). Thus, to the extent Mendez seeks to represent his mother in these proceedings, such is improper. For today's purposes, however, the Court will assume Mendez and Rosales each represent themself and will refer to them simply as "Plaintiffs."

MEMORANDUM DECISION AND ORDER - 2

Both parties have responded and replied to the pending motions. The matter is now ripe for review.

### III. LEGAL STANDARD

**A. Motion to Remand**

The "power of removal is not to be found in express terms in any part of the [C]onstitution." *Martin v. Hunter's Lessee*, 14 U.S. 304, 349 (1816). Thus, "[t]he right to remove a case from a state to federal court is purely statutory and its scope and the terms of its availability therefore are entirely dependent on acts of Congress." 14C C. Wright & A. Miller, Federal Practice and Procedure Jurisdiction § 3721 (Rev. 4th ed. 2023). The most frequent type of removal that the Court deals with is when a defendant in a civil lawsuit removes an action to federal court. *See* 28 U.S.C. § 1441.

However, 28 U.S.C § 1441 is not the only statutory means for a defendant to remove an action. Under 28 U.S.C. § 1442(a), "A civil action . . . commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof." The term "civil action" is defined to include "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." 28 U.S.C. § 1442(d)(1).

"The federal officer removal statute is not 'narrow' or 'limited' . . . it is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969).

"The form of the action is not controlling; it is the state's power to subject federal officers to the state's process that § 1442(a)(1) curbs." *Nationwide Invs. v. Miller*, 793 F.2d 1044, 1047 (9th Cir. 1986). If a defendant is an agency of the United States and can raise a colorable federal defense, a motion to remand must be denied. Because removal under 28 U.S.C. § 1442 requires a federal defense, "28 U.S.C. § 1442 is an exception to the 'well-pleaded complaint' rule." *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 644 n.12 (2006).

### B. Motion for Recusal

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Additionally, the Due Process Clause requires recusal if a judge harbors an actual bias or if "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). In analyzing whether there is an "unconstitutional potential for bias," the question is "whether, as an objective matter, the average judge in his position is likely to be neutral." *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016) (cleaned up).

### C. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). Under the doctrine of derivative jurisdiction, if a state court lacks jurisdiction and a defendant removes the case to federal court under 28 U.S.C. § 1442,

the district court also lacks subject matter jurisdiction and must dismiss the case. *See In re Elko Cnty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997)

Rule "12(b)(1) dismissals are generally without prejudice, even when the dismissal is based on a failure to show a waiver of sovereign immunity." *Eiselin v. USCIS San Diego*, 2024 WL 733644, at *3 (S.D. Cal. Feb. 22, 2024) (citing *Norvell v. Sec'y of the Treasury*, 821 F. App'x 853, 854 (9th Cir. 2020)). And "the Court is required to freely grant leave to amend, especially to a pro se plaintiff, when it appears that the deficiencies in the pleading may be cured by amendment." *See Andrianumearisata v. Gem State Staffing*, 2021 WL 2692334, at *5 (D. Idaho June 30, 2021). However, because amendment cannot cure a lack of *derivative* subject matter jurisdiction, if the Court dismiss for lack of derivative subject matter jurisdiction, it must deny leave to amend. *See, e.g.*, *Eiselin*, 2024 WL 733644, at *3.

## IV. DISCUSSION

### A. Motion to Remand (Dkt. 4)

Plaintiffs raise two issues which, they believe, require the Court to remand this action to Idaho small claims court. First, they argue that the Postal Service violated the well-pleaded complaint rule by removing based on its status as a federal entity protected by the Federal Tort Claims Act. Dkt. 4, at 2. If the Postal Service had removed under 28 U.S.C. § 1441 (as Plaintiffs mistakenly believed, *see* Dkt. 4, at 1), Plaintiffs might have been right. But the Postal Service removed under 28 U.S.C. § 1442. Dkt. 1. Section 1442 *requires* the defendant to have a colorable federal defense, and thus "is an exception to the 'well-pleaded complaint' rule." *Kircher*, 547 U.S. at 644 n.12. The Postal Service's removal based on its status as a federal entity was, therefore, proper under 28 U.S.C § 1442.

Second, Plaintiffs argue their action must be remanded to state court because federal courts do not have jurisdiction over small claims matters. Dkt. 4, at 2–3. In raising this argument, Plaintiffs miss a fine distinction between *proper grounds for removal* and *federal subject matter jurisdiction*. If a defendant meets the requirements of a removal statute, the defendant may remove the case to federal court—period. Typically, federal subject matter jurisdiction (either diversity or federal question jurisdiction) is necessary to meet the requirements of the removal statute because most removals occur under 28 U.S.C. § 1441. But this is not the typical case. A case can be removed under 28 U.S.C. § 1442 when a federal agency is sued in state court and claims a colorable federal defense. Here, the Postal Service is a federal agency, and it claims federal defenses under the Federal Tort Claims Act ("FTCA") and the doctrine of sovereign immunity. Thus, the Postal Service was within its rights to remove this case.

Plaintiffs insist that removing this case is improper because it was filed as a small claims action. "The form of the action," however, "is not controlling; it is the state's power to subject federal officers to the state's process that § 1442(a)(1) curbs. *Nationwide Invs*, 793 F.2d at 1047. If the Plaintiffs could sue the Postal Service in Idaho small claims court, a federal agency would be subjected to Idaho's process. The fact that the Plaintiffs filed their action as a small claims action does not bar the Postal Service from removing the action under 28 U.S.C. § 1442.

Because the Postal Service properly removed this action under 28 U.S.C. § 1442, the Motion to Remand is DENIED.

MEMORANDUM DECISION AND ORDER - 6

## B. Motion for Recusal (Dkt. 5)

Plaintiffs also move the undersigned judge to disqualify himself under 28 U.S.C. §§ 144 and 455. Plaintiffs cite several examples of the undersigned ruling against them in the many cases they have previously filed which have been assigned to him. Dkt. 5. The Supreme Court has noted, however, that judicial rulings "can only in the rarest circumstances evidence the degree of favoritism or antagonism required" to find bias or partiality. *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id.* at 555–56.

Having reviewed the rulings and statements made by the undersigned in his prior encounters with the Plaintiffs, the Court finds nothing rising to the level of "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. Candidly, the Court finds each of the statements that Plaintiffs allege show bias were honest and accurate characterizations of the arguments Plaintiffs advanced.

The undersigned is not personally biased against the Plaintiffs, and Plaintiffs have not shown that there are reasonable grounds to doubt the Court's impartiality. That Mendez (and Rosales) have been on the receiving end of unfavorably rulings does not evidence bias or require recusal. The Court, therefore, DENIES Plaintiffs' Motion for Recusal.

MEMORANDUM DECISION AND ORDER - 7

### C. Motion to Dismiss (Dkt. 7)

The Postal Service moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) because, under the doctrine of derivative jurisdiction, a federal court lacks subject matter jurisdiction over a removed action if the state court lacked subject matter jurisdiction. *See generally* Dkt. 7-1. The Postal Service points out that the United States is immune from suits in state court to which it has not consented, and that such immunity applies to federal agencies. *Id.* The Postal Service further argues that the Idaho small claims court lacked jurisdiction over the United States, and that under the doctrine of derivative jurisdiction, this Court lacks jurisdiction as well. *Id.*

Traditionally, under the doctrine of derivative jurisdiction, a federal court gained no more jurisdiction over a removed case than the original state court possessed. *See Swett v. Schenk*, 792 F.2d 1447, 1451 (9th Cir. 1986). Thus, if a state court lacked subject matter jurisdiction, and the case was removed to federal court, the federal court was obligated to dismiss the case for lack of subject matter jurisdiction. *Id.* "Although Congress has abolished that doctrine with respect to the general removal statute, 28 U.S.C. § 1441(a), [the Ninth Circuit] has recently reaffirmed that the doctrine still applies to the federal officer removal statute." *Rodriguez v. United States*, 788 F. App'x 535, 536 (9th Cir. 2019) (per curiam); *see also In re Elko,* 109 F.3d at 555 (finding the doctrine of derivative jurisdiction applies in § 1442(a) cases).

Plaintiffs object to the application of the derivative jurisdiction doctrine here on

MEMORANDUM DECISION AND ORDER - 8

three grounds.³

First, Plaintiffs reiterate their argument that there is no federal question jurisdiction over a small claims action against a federal agency, and that, as a result, the removal was improper. Dkt. 10, at 1–3. These arguments fail for the same reason the Court denied Plaintiffs' Motion to Remand. *See* Section IV(A) *supra*.

Second, Plaintiffs argue they *have* in fact complied with the FTCA because they demanded the Postal Service pay their claimed damages prior to filing suit. Dkt. 10, at 4. Even assuming that Plaintiffs did comply with the administrative exhaustion requirements of the FTCA, *see* 28 U.S.C. § 2675, Plaintiffs still violated the FTCA by filing suit in state court. *See* 28 U.S.C. § 1346(b). Thus, the state court would not have had jurisdiction over the Postal Service regardless.

Finally, Plaintiffs argue that, notwithstanding the doctrine of derivative jurisdiction, the case should not be dismissed because the Court would have had original jurisdiction had the case been filed here first, citing the Seventh Circuit's decision in *Rodas v. Seidlin*, 656 F.3d 610 (7th Cir. 2011). In *Rodas*, the Seventh Circuit held that a derivative jurisdiction issue could not be raised for the first time on appeal when the district court would have otherwise had subject matter jurisdiction, and the case had proceeded to a judgment. *Id.* at 625. But here, the Postal Service raised the derivative jurisdiction issue

---

³ Plaintiffs also argue that the right to maintain a small claims action is protected by the Tenth Amendment. The right of federal officers to remove to federal court, however, is a vindication of the Supremacy Clause and the jurisdiction of federal courts over federal questions, which are matters "delegated to the United States by the Constitution." U.S. Const. amend. X. The Tenth Amendment does not, therefore, disable Congress from making small claims against federal agencies removable.

MEMORANDUM DECISION AND ORDER - 9

promptly. *See Rodriguez*, 788 F. App'x at 536 (per curiam).[4] Accordingly, *Rodas* is inapplicable to the instant case. The rule in this Circuit is that if the Government raises the issue of derivative jurisdiction in a motion to dismiss for lack of subject matter jurisdiction, the proper remedy is to dismiss the case.[5]

The Court, therefore, finds the doctrine of derivative jurisdiction applies here. Under that doctrine, if the state court lacked subject matter jurisdiction, the Court must dismiss. Here, the Postal Service is correct that 28 U.S.C. § 1346(b) gives federal courts exclusive jurisdiction over tort claims against United States agencies, including the Postal Service. As a result, the Idaho small claims court lacked jurisdiction over this case. Thus, under the doctrine of derivative jurisdiction the complaint must be dismissed.

The Postal Service's Motion to Dismiss is GRANTED.

### D.  Prejudicial Effect of Dismissal

The Postal Service asks the Court to dismiss Plaintiffs' case with prejudice. "But 12(b)(1) dismissals are generally without prejudice, even when the dismissal is based on a failure to show a waiver of sovereign immunity." *Eiselin*, 2024 WL 733644, at *3. Derivative jurisdiction dismissals appear to be no different. *See, e.g.*, *Guidry v. Durkin*, 834

---

[4] "Even assuming that *Rodas v. Seidlin*, 656 F.3d 610, 623 (7th Cir. 2011), is correct in holding that the derivative jurisdiction doctrine reflects only a waivable 'procedural defect[ ]' arising 'in the removal process,' a point we need not decide, the United States has not waived the point because it promptly raised the doctrine within seven days of removal. *See id.* at 624 ('[I]n every case we located in which the Supreme Court discussed the matter of derivative jurisdiction, *the matter appears to have been raised promptly upon removal*, prior to adjudication on the merits.')" *Rodriguez*, 788 F. App'x at 536 (emphasis in original ).

[5] *See, e.g.*, *Cox v. U.S. Dept. of Agriculture*, 800 F.3d 1031, 1032 (9th Cir. 2015) (per curiam); *Rodriguez*, 788 F. App'x at 536; *Eiselin*, 2024 WL 733644, at *3; *Jackson v. Patra Invs., LLC*, 2017 WL 7211141, *3 (D. Or. Nov. 20, 2017), *report and recommendation adopted,* 2018 WL 651329 (D. Or. Jan. 31, 2018); *Glass v. Nat'l R.R. Passenger Corp.*, 570 F. Supp. 2d 1180, 1181–83 (C.D. Cal. 2008).

MEMORANDUM DECISION AND ORDER - 10

F.2d 1465, 1474 (9th Cir. 1987). Thus, the Court declines to dismiss with prejudice.

However, the Court will not grant leave to amend. "[T]he Court is required to freely grant leave to amend, especially to a pro se plaintiff, when it appears that the deficiencies in the pleading may be cured by amendment." *Andrianumearisata*, 2021 WL 2692334, at *5. Here, the deficiencies in the pleading arise from where they were filed, not how they were pleaded. *See Eiselin*, 2024 WL 733644, at *3. Because amendment would be futile, leave to amend is denied.

### V. CONCLUSION

The Plaintiffs allege that the Postal Service harmed them. But they failed to follow the procedures outlined in the FTCA. Because the Plaintiffs sued a federal agency in state court, the Postal Service was entitled to remove under 28 U.S.C. § 1442, and it did so properly. The Court will not remand the case.

While the Plaintiffs believe this Court is biased against them, they point to nothing more than this Court's prior decisions in earlier cases. The mere fact that the undersigned judge critiqued their pleadings when ruling against them does not show bias. The undersigned judge will not recuse himself.

Finally, because Plaintiffs filed suit in state court, and the state court lacked jurisdiction over a federal agency, the doctrine of derivative jurisdiction requires the Court to dismiss their case. Accordingly,

///

///

///

MEMORANDUM DECISION AND ORDER - 11

## VI. ORDER

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Remand (Dkt. 4) is DENIED.

2. Plaintiffs' Motion for Recusal (Dkt. 5) is DENIED.

3. Defendants Motion to Dismiss (Dkt. 7) is GRANTED.

4. Plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE and leave to amend is DENIED.

5. The Clerk is directed to close this case.

DATED: September 29, 2025

_____
David C. Nye
Chief U.S. District Court Judge